**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| MICHAEL THOMAS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| | * | CIVIL ACTION NO. 23-00216-TFM-B |
| vs. | * | |
| | * | |
| CAPITAL ONE, | * | |
| | * | |
| Defendant. | * | |

## REPORT AND RECOMMENDATION

This action is before the Court on Defendant Capital One, N.A.'s motion to dismiss Plaintiff Michael Thomas' amended complaint and incorporated brief in support thereof (Doc. 12). The motion has been referred to the undersigned Magistrate Judge for consideration and recommendation pursuant to 28 U.S.C. § 636(b)(1). (Doc. 8). Upon consideration of all matters presented, the undersigned recommends, for the reasons stated herein, that Defendant's motion (Doc. 12) be **GRANTED in part**, and that Plaintiff's amended complaint be **DISMISSED without prejudice** for lack of subject matter jurisdiction, but without leave to amend.

I.  **BACKGROUND**

Plaintiff Michael Thomas ("Thomas"), who is proceeding *pro se*, filed a complaint against Defendant Capital One, N.A. ("Capital

One")[1] and paid the filing fee for a civil action.  (Docs. 1, 4). In his original complaint, Thomas asserted the existence of federal question jurisdiction based on "Breach of Contract, Emergency Claim" and described his claim as follows: "I submitted my POA with written instructions to the CFO with my endorsed bill of exchange.  The CFO didn't perform their fiduciary duties causing my account to be closed."[2]  (Doc. 1 at 3-4).  For relief, Thomas requested that Capital One "[o]pen [his] credit card account and pay the owed equity."  (Id. at 4).

On June 13, 2023, the Court ordered Thomas to file an amended complaint in order to clearly allege a basis for this Court's subject matter jurisdiction.  (Doc. 5).

Thomas filed an amended complaint on July 10, 2023.[3]  (Doc. 10).  In the amended complaint, which is now his operative pleading, Thomas asserts the existence of federal question jurisdiction based on: "Federal Reserve Act Sec. 29, Cestui Que Vie Act[,] Breach of Contract, Bill of Exchange Act, 12 USC 1431,

---

[1] The Defendant's name is listed as "Capital One" in Thomas' complaint and amended complaint.  (Doc. 1 at 1-2; Doc. 10 at 1-2).

[2] Unless otherwise indicated by brackets, quoted language from Thomas' *pro se* filings is reproduced herein without modification or correction for typographical, grammar, or spelling errors.

[3] Thomas utilized a complaint form titled "Pro Se 1 (Rev. 12/16) Complaint for a Civil Case" for both his original complaint and his amended complaint.  (See Docs. 1, 10).

Federal Reserve Act Sec. 16." (Id. at 3).  When prompted on the complaint form to write a short and plain statement of his claim and to state the relief he is requesting, Thomas states: "See attached affidavit." (Id. at 4).

Thomas attaches various documents to his amended complaint. (Id. at 7-28).  These include a power of attorney form dated April 10, 2023, which purports to list "MICHAEL THOMAS" as the "principal" and designate "Michael Thomas" as the principal's "agent." (Id. at 7-16).

The attached documents also include several letters that are purportedly signed by "Michael Thomas" as "agent" or "beneficiary" on behalf of "MICHAEL THOMAS" as "Principal." (Id. at 17, 19-21, 23, 25).

The first letter is labeled as an "Affidavit"[4] and states:

> On the 17th day of April 2023, I, Thomas, Michael/agent, on behalf of MICHAEL THOMAS/Principal herby accept all titles, rights, intertest and equity owed to MICHAEL THOMAS/Principal.  I hereby instruct the CFO of Capital One to apply the principal's balance to the principal's account# for every billing cycle for set off.  I instruct the CFO to communicate in writing within five (5) business days once instructions are completed.  If instructions are not completed, I instruct the CFO to respond within five (5) business days giving reason of non-performance of fiduciary duties.  If no communication is made within five (5) business days I Thomas, Michael/agent on behalf of MICHAEL THOMAS/PRINCIPAL can assume that the instructions have been completed.

---

[4] None of Thomas' purported "Affidavit[s]" were sworn to and subscribed before a notary.  (See Doc. 10 at 17, 19-21, 23, 25).

(<u>Id.</u> at 17).

Thomas also attaches a marked-up payment coupon that he apparently sent to Capital One. (<u>Id.</u> at 18). The payment coupon contains handwritten notations (apparently from Thomas) that include the terms "Accepted For deposit," Pay on demand," and "Pay to the bearer." (<u>Id.</u>). In the line under "Amount Enclosed," Thomas wrote "$5,305.16," which was the amount of his balance with Capital One. (<u>Id.</u>).

A second purported "Affidavit" subtitled "Opportunity to Cure (Second Tier)" states:

> On the 25th day of April 2023, I, Thomas, Michael/agent, on behalf of MICHAEL THOMAS/Principal herby accept all titles, rights, intertest and equity owed to MICHAEL THOMAS/Principal. I hereby instruct the CFO of Capital One to transfer the principal's balance to the principal's account# for set off every monthly billing cycle. I instruct the CFO to communicate in writing within five (5) business days once instructions are completed. If instructions are not completed, I instruct the CFO to respond in writing within five (5) business days giving reason for non-performance of fiduciary duties. If no communication is made within five (5) business days I, Thomas, Michael/agent, on behalf of MICHAEL THOMAS/PRINCIPAL can assume that the instructions have been completed. I demand the closed account # to be reopened for use. The closing of the account was not authorized by MICHAEL THOMAS/principal which is an indication of violation of securities, breach of contract and identity theft.

(<u>Id.</u> at 19).

A third purported "Affidavit" subtitled "Default Judgement (Third Tier)" states:

On the 3rd day of May 2023, I, Thomas, Michael/agent, on behalf of MICHAEL THOMAS/Principal herby accept all titles, rights, intertest and equity owed to MICHAEL THOMAS/Principal. I hereby instruct the CFO of Capital One to transfer the principal's balance to the principal's account# for set off every monthly billing cycle. I instruct the CFO to communicate in writing within five (5) business days once instructions are completed. If instructions are not completed, I instruct the CFO to respond in writing within five (5) business days giving reason for non-performance of fiduciary duties. If no communication is made within five (5) business days I, Thomas, Michael/agent, on behalf of MICHAEL THOMAS/PRINCIPAL can assume that the instructions have been completed. I demand the closed account # to be reopened for use. The closing of the account was not authorized by MICHAEL THOMAS/principal which is an indication of violation of securities, breach of contract and identity theft. Payments owed to the principal will be made endorsing the bill using the bill of exchange act.

(Id. at 20).

A fourth purported "Affidavit" states:

On the 8th day of May 2023, I, Thomas, Michael/agent, on behalf of MICHAEL THOMAS/Principal herby accept all titles, rights, intertest and equity owed to MICHAEL THOMAS/Principal. I hereby instruct the CFO of Capital One, Andrew Young to transfer the principal's balance to the principal's account# for every billing cycle for set off each month. I instruct the CFO to communicate in writing within five (5) business days once instructions are completed. If instructions are not completed, I instruct the CFO to respond in writing within five (5) business days giving reason of non-performance of fiduciary duties. If no communication is made within five (5) business days I, Thomas, Michael/agent, on behalf of MICHAEL THOMAS/PRINCIPAL can assume that the instructions have been completed.

(Id. at 21).

Following the fourth purported affidavit is another marked-up payment coupon that Thomas apparently sent to Capital One. (Id.

at 22).   The payment coupon contains handwritten notations "By: Thomas, Michael/agent For: MICHAEL THOMAS/principal" that include the terms "Accepted For deposit," Pay on demand," and "Pay to the bearer."  (Id.).  In the line under "Amount Enclosed," Thomas wrote "$5,305.16," which was the amount of his balance with Capital One. (Id.).

A fifth letter titled "Opportunity to cure (Second Tier)" and dated May 15, 2023, states:

To Andrew Young,

As the beneficiary of the principal, MICHAEL THOMAS, I hereby instruct the CFO of Capital One, Andrew Young, to transfer the principal's balance to the principal's account# for every billing cycle for set off each month. I have recently sent a power of attorney with instructions and the fiduciary performance was not performed.  This is my second letter and I would like to know the reason for non-fiduciary performance in writing within the next five (5) business days.  The account seems to be closed which was not authorized by the principal, which is a result in fraud and I would like the credit card to be back active immediately.  As a reminder non fiduciary performance is a breach of fiduciary duty.

(Id. at 23).

A sixth letter titled "Default Notice (Third Tier)" and dated May 24, 2023, states:

To Andrew Young,

As the beneficiary of the principal, MICHAEL THOMAS, I hereby instruct the CFO of Capital One, Andrew Young, to transfer the principal's balance to the principal's account# for every billing cycle for set off each month. I have recently sent a power of attorney with instructions and the fiduciary duties were not

> performed.  This is my third letter, and I would like to know the reason for non-fiduciary duty wasn't performed in writing within the next five (5) business days.  The account seems to be closed which was not authorized by the principal, which is a result in identity fraud, and I would like the credit card to be back active immediately.  As a reminder non fiduciary performance is a breach of fiduciary duty.

(<u>Id.</u> at 25).

Following the sixth letter is another marked-up payment coupon that Thomas apparently sent to Capital One.  (<u>Id.</u> at 26). This payment coupon contains handwritten notations "By: Michael Thomas/beneficiary For: MICHAEL THOMAS/Principal" that include the terms "Accepted For deposit," Pay on demand," and "Payable to bearer."  (<u>Id.</u>).  In the line under "Amount Enclosed," Thomas wrote "$5,476.17," which was the amount of his new balance with Capital One.  (<u>Id.</u>).[5]

On July 31, 2023, Capital One filed the instant motion to dismiss Thomas' amended complaint and incorporated brief in support thereof.  (Doc. 12).  Capital One argues that Thomas' amended complaint is due to be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) because it fails to establish either diversity jurisdiction or federal question jurisdiction.  (<u>Id.</u> at 5-7).  Capital One further argues that if the Court finds subject matter jurisdiction present,

---

[5] Thomas also attaches printouts of certain parts of the Federal Reserve Act.  (Doc. 10 at 24, 27-28).

Thomas' amended complaint is due to be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because it fails to state a claim upon which relief can be granted and fails to meet the requisite pleading standards. (Id. at 7-9).

Thomas filed a timely response to the motion, which states that Capital One's motion to dismiss should be denied for the following reasons:

> The breach of contract occurred when the first letter of instructions was sent to the CFO to transfer the principal's balance to the principal's account for set off and it wasn't done which was a violation of my rights. The violation occurred when I submitted my negotiable instrument for set off and it wasn't performed which made it a problem on behalf of the account, which I'm the beneficiary owner of the account, which made it a problem for me. I'm using the constitution and the defendant should state why I'm not able to use the Bill of Exchange Act. The defendant should state which constitution they are going by to keep me from claiming and using the interest and equity that's owed to the principal and using it to set off the account.

(Doc. 16).

Capital One filed a reply to Thomas' response. (Doc. 18).[6] Capital One's motion to dismiss is therefore ripe for resolution.

---

[6] After Capital One filed its reply, Thomas filed a second response in opposition to Capital One's motion to dismiss, which was not timely filed and was filed without the Court's permission. (Doc. 19).

## II.   STANDARDS OF REVIEW

### A.   Motion to Dismiss for Lack of Subject Matter Jurisdiction.

Federal courts are courts of limited jurisdiction and are authorized by Constitution and statute to hear only certain types of actions.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."  Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

Federal district courts have subject matter jurisdiction in two primary types of cases.  First, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Second, district courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. § 1332(a)(1).

"The plaintiff bears the burden of affirmatively asserting facts that show the existence of jurisdiction and including 'a short and plain statement of the grounds upon which the court's jurisdiction depends.'"  DeRoy v. Carnival Corp., 963 F.3d 1302,

1311 (11th Cir. 2020) (citing Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994); Fed. R. Civ. P. 8(a)).  A plaintiff properly invokes federal question jurisdiction under 28 U.S.C. § 1331 when he "pleads a colorable claim 'arising under' the Constitution or laws of the United States."  Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006).  A plaintiff invokes diversity jurisdiction under 28 U.S.C. § 1332 when he "presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount [of] $75,000."  Id.

A party may move to dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  A Rule 12(b)(1) challenge to subject matter jurisdiction may take the form of a facial attack or a factual attack on the complaint.  Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990) (per curiam).  In a facial attack, such as the one made by Capital One in this case, the court must evaluate whether the complaint alleges a sufficient basis for subject matter jurisdiction, while accepting all factual allegations as true for purposes of the motion.  Id. at 1529.  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

**B.    Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted.**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  This necessarily requires that a plaintiff include factual allegations that plausibly support each essential element of his claim.  Randall v. Scott, 610 F.3d 701, 708 n.2 (11th Cir. 2010).

When evaluating a motion to dismiss under Rule 12(b)(6), a court "must accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." Almanza v. United Airlines, Inc., 851 F.3d 1060, 1066 (11th Cir. 2017).  That said, "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011).  A complaint does not need detailed factual allegations, but it "requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." Twombly, 550 U.S. at 555. A court reviewing a motion to dismiss under Rule 12(b)(6) must typically limit its consideration to the complaint and exhibits attached thereto. Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam).

### C. *Pro Se* Litigation.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). However, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation omitted). Even a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

### III. DISCUSSION

The Court first addresses Capital One's motion to the extent it seeks dismissal of Thomas' amended complaint for lack of subject matter jurisdiction. See Taylor, 30 F.3d at 1366 ("[A] court must first determine whether it has proper subject matter jurisdiction before addressing the substantive issues."). As noted, Capital One lodges a facial attack on Thomas' amended complaint, arguing

that subject matter jurisdiction is absent because the amended complaint "unequivocally fails" to invoke federal question jurisdiction and lacks the necessary factual allegations to establish diversity jurisdiction.  (Doc. 12 at 5-7).

In his amended complaint, Thomas asserts that the sole basis for this Court's jurisdiction is federal question jurisdiction pursuant to 28 U.S.C. § 1331.[7]  (Doc. 10 at 3).  According to Thomas, federal question jurisdiction exists because the following "federal statutes, federal treaties, and/or provisions of the United States Constitution" are at issue in this case: "Federal Reserve Act Sec. 29, Cestui Que Vie Act[,] Breach of Contract, Bill of Exchange Act, 12 USC 1431, Federal Reserve Act Sec. 16." (Id.).

"A claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'"  Arbaugh, 546 U.S. at 513 n.10 (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)).  "That is, '[d]ismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the

---

[7] Specifically, when asked on the form complaint "What is the basis for federal court jurisdiction? (check all that apply)," Thomas checked the box for "Federal Question" and did not check the box for "Diversity of citizenship."  (Doc. 10 at 3).

claim is "so insubstantial, implausible, foreclosed by prior decisions of th[e] [Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy."'" Hakki v. Sec'y, Dep't of Veterans Affs., 7 F.4th 1012, 1031 (11th Cir. 2021) (quoting Steel Co. v. Citizens for Better Env't, 523 U.S. 83, 89 (1998)).

Although Thomas alleges that the "Federal Reserve Act Sec. 29, Cestui Que Vie Act[,] Breach of Contract, Bill of Exchange Act, 12 USC 1431, [and] Federal Reserve Act Sec. 16" provide the basis for federal question jurisdiction in this case, his complaint and attachments are devoid of allegations or information suggesting that any of the authorities cited are applicable to his complaint or provide him with a federal cause of action.

First, as numerous courts have held when faced with similar complaints filed by *pro se* litigants seeking to evade their financial obligations, Thomas' unexplained reference to a "Bill of Exchange Act" is insufficient to establish a colorable federal claim. See White v. Lake Union Ga. Partners LLC, 2023 U.S. Dist. LEXIS 184024, at *6-7, 2023 WL 6036842, at *3 (N.D. Ga. July 14, 2023) (finding that plaintiff's reference to a string of miscellaneous authorities, including "Bills of Exchange Act 1882," did not "provide him with a federal cause of action," and dismissing case for lack of subject matter jurisdiction); Wilson v. Aqua Fin., 2023 U.S. Dist. LEXIS 207303, at *9, 2023 WL 7924150,

at *4 (D.S.C. Oct. 26, 2023) (finding that plaintiff's reference to "Bills of Exchange Act 1882" did not provide plaintiff with a federal cause of action); Griffin v. Gen. Elec. Credit Union, 2023 U.S. Dist. LEXIS 163030, at *7, 2023 WL 5955735, at *3 (S.D. Ohio Sept. 13, 2023) ("In what may be intended as a reference to federal law, Plaintiff includes an allegation that the credit union has refused 'to accept my performance per the Bill of Exchange Act of transferring accepted credits to the account of performance of full contract continuing to keep/withhold my securities.' . . . But again, the allegations as pled require this Court to speculate as to both what law is referenced and what violation is alleged."), report and recommendation adopted, 2023 U.S. Dist. LEXIS 207449, 2023 WL 8022825 (S.D. Ohio Nov. 20, 2023); Des Rochers v. Moynihan, 2016 U.S. Dist. LEXIS 196284, at *5-6, 2016 WL 11584833, at *2 (W.D. Tex. May 16, 2016) (finding plaintiff's "attempt to enforce an English law in an American court" to be "legally frivolous" where plaintiff purported to bring suit pursuant to the "Bills of Exchange Act of 1882"); Sabrina v. Scott Credit Union, 2023 U.S. Dist. LEXIS 218355, at *2-3, 2023 WL 8470105, at *1 (S.D. Ill. Dec. 7, 2023) ("First, the Plaintiff lacks standing under the statutes they invoke.  The Plaintiff cites the Bill of Exchange Act, which is a Canadian law.  Canadian law does not apply here; thus the Plaintiff's claims under foreign law are invalid."); Harp v. Police & Fire Fed. Credit Union, 2023 U.S. Dist. LEXIS 139418,

at *4 & n.1, 2023 WL 5152625, at *1 & n.1 (E.D. Pa. Aug. 10, 2023) (where plaintiff accused defendant of violating its obligations under the "Bills of Exchange Act" by failing to recognize her manufactured documents as legal tender, noting that "[t]here is no Act of Congress with this title"); Payne v. Spectrum, 2023 U.S. Dist. LEXIS 223441, at *5, 2023 WL 8681199, at *2 (W.D. Tex. Dec. 15, 2023) ("There is no federal subject matter jurisdiction over this case. Plaintiff is not able to pursue civil remedies under the Bill of Exchange Act . . . , and the undersigned finds these claims to be legally frivolous. . . . The Bill of Exchange Act of 1882 is a Canadian statute with no application here.").

Thomas also references Sections 16 and 29 of the Federal Reserve Act in support of his assertion that this Court has federal question jurisdiction over this case. (Doc. 10 at 3). However,

> [n]either Section 16 nor Section 29 provide [Thomas] with a private right of action and therefore cannot serve as a basis for federal question jurisdiction. Section 16 concerns the issuance of federal reserve notes to federal reserve banks. See 12 U.S.C. § 411. Section 29 imposes civil penalties on banks for an array of misconduct. See 12 U.S.C. § 504. [Thomas] has not pleaded that [Capital One] is governed by these provisions. And district courts across the country have repeatedly rejected attempts to invoke these provisions as a private cause of action.

Payne, 2023 U.S. Dist. LEXIS 223441, at *5, 2023 WL 8681199, at *2; see White, 2023 U.S. Dist. LEXIS 184024, at *3-5, 2023 WL 6036842, at *2 ("Section 16 of the Federal Reserve Act . . . was codified as Subchapter XII of Title 12, Chapter 3 of the United

16

States Code; 12 U.S.C. § 411, *et seq.*  Multiple courts across the country have held that this section does not provide plaintiffs with a private right of action and therefore does not establish federal question jurisdiction. . . . Similarly, Section 29 of the Federal Reserve Act does not provide Mr. White with a cause of action.  Section 29 of Federal Reserve Act was added by Financial Institutions Regulatory and Interest Rate Control Act of 1978, and was codified, as amended, at 12 U.S.C. § 504.  But that statute provides that '[a]ny penalty imposed under subsection (a), (b), or (c) shall be assessed and collected by (1) in the case of a national bank, by the Comptroller of the Currency; and (2) in the case of a State member bank, by the Board [of Governors of the Federal Reserve System].'  12 U.S.C. § 504(e).  Courts have therefore rejected attempts by private individuals to bring claims under that statute."); Morton v. Am. Express, 2023 U.S. Dist. LEXIS 209318, at *6, 2023 WL 7923927, at *3 (D.S.C. Oct. 18, 2023) ("[I]t is well settled that Sections 16 and 29 of the Federal Reserve Act do not create a private cause of action and, consequently, do not provide a basis to invoke this Court's federal question jurisdiction."); Harp, 2023 U.S. Dist. LEXIS 139418, at *12, 2023 WL 5152625, at *4 ("[T]o the extent that Harp seeks to assert a claim under the Federal Reserve Act, she lacks a cause of action to do so.  In her Complaint, Harp seems to suggest that PFFCU was violating Section 16 of the Federal Reserve Act, 12 U.S.C. §§ 411-

21, which governs the issuance and redemption of Federal Reserve notes.  As a result, Harp alleges that PFFCU is subject to penalties under Section 29 of the Federal Reserve Act, 12 U.S.C. § 504, which imposes penalties on banks for an array of misconduct. But the imposition of civil penalties under Section 29 is carried out by federal officials, and private individuals do not have a private right of action to enforce Section 29 of the Federal Reserve Act."); Mims v. Bank of Am., 2023 U.S. Dist. LEXIS 226577, at *4, 2023 WL 8804324, at *2 (E.D. Tex. Dec. 20, 2023) (noting courts' "collective agreement that neither Section 16 nor Section 29 of the Federal Reserve Act creates a private right of action"); Escobar v. All. Credit Union, 2023 U.S. Dist. LEXIS 225734, at *10, 2023 WL 8720903, at *3 (N.D. Tex. Nov. 30, 2023) (finding that Sections 16 and 29 of the Federal Reserve Act, "while federal law, do not create a private right of action and thus supply no source for this Court's jurisdiction"), report and recommendation adopted, 2023 U.S. Dist. LEXIS 224445, 2023 WL 8720693 (N.D. Tex. Dec. 18, 2023).

Thomas further cites the "Cestui Que Vie Act" as a basis for federal question jurisdiction.  (Doc. 10 at 3).  However, "[t]he Cestui Que Vie Act, a 1666 Act of Parliament, is an English Law that plainly does not provide a basis for federal question jurisdiction." Mims, 2023 U.S. Dist. LEXIS 226577, at *2, 2023 WL 8804324, at *1; see White, 2023 U.S. Dist. LEXIS 184024, at *3-5,

2023 WL 6036842, at *2 (finding that plaintiff's reference to the "Cestui que Vie Act 1666" did not provide him with a colorable federal cause of action); Wood v. United States, 161 Fed. Cl. 30, 34-35 (Fed. Cl. 2022) ("Sovereign citizens also sometimes reference the Cestui Que Vie Act of 1666, or a 'cestui que vie' trust, as support for their arguments in court. . . . In short, the legal fiction presented by plaintiff in the complaint is not based in law but in the fantasies of the sovereign citizen movement.  There is no jurisdiction in this court for fictitious claims.").

Thomas also purports to base federal question jurisdiction on 12 U.S.C. § 1431, "which defines the powers and duties of the Federal Home Loan Banks."  Anderson v. Navy Fed. Credit Union, 2023 U.S. Dist. LEXIS 180090, at *4, 2023 WL 6481518, at *2 (W.D. Wash. Oct. 5, 2023).  However, Thomas fails to allege any facts relating to this statute or suggesting how it might apply to his claims against Capital One, and Thomas' unexplained reference to 12 U.S.C. § 1431 does not provide a basis for the Court to exercise federal question jurisdiction.  See White, 2023 U.S. Dist. LEXIS 184024, at *6-7, 2023 WL 6036842, at *3 (N.D. Ga. July 14, 2023) (finding that plaintiff's reference to a string of miscellaneous authorities, including "12 U.S.C. § 1431," did not "provide him with a federal cause of action," and dismissing case for lack of subject matter jurisdiction); Stephens v. Regal Car Sales & Credit,

2023 U.S. Dist. LEXIS 56021, at *6-7, 2023 WL 2760061, at *3 (N.D. Okla. Mar. 31, 2023) (finding that "Plaintiff has not alleged a colorable claim arising under federal law, and the Court cannot exercise federal question jurisdiction over this case," where plaintiff alleged that defendants violated 12 U.S.C. § 1431 but made no specific factual allegations in support of such a claim); Wilson v. City of Cayce, 2023 U.S. Dist. LEXIS 207301, at *8-9, 2023 WL 7924163, at *4 (D.S.C. Oct. 26, 2023) (finding that plaintiff's bare reference to 12 U.S.C. § 1431 did not provide her with a federal cause of action); Escobar, 2023 U.S. Dist. LEXIS 225734, at *8-9, 2023 WL 8720903, at *3-4 (where plaintiff listed sources including 12 U.S.C. § 1431 and alleged that a credit union breached its contract and fiduciary duties by failing to accept his manufactured documents as payments for his loan, concluding that plaintiff's claims did not establish federal question jurisdiction under 28 U.S.C. § 1331).

Finally, Thomas asserts "Breach of Contract" as a basis for federal question jurisdiction. (Doc. 10 at 3). However, breach of contract claims ordinarily arise under state law, and state law claims alone do not confer federal question jurisdiction. See, e.g., Cha v. Kani House Japanese Rest., 2017 U.S. Dist. LEXIS 234514, at *8 n.6, 2017 WL 11616365, at *4 n.6 (N.D. Ga. Jan. 30, 2017) (stating that plaintiff's "breach of contract claim-a state law cause of action-will not alone justify federal jurisdiction").

Thus, to the extent Thomas intends to bring a standalone claim for breach of contract, such a claim cannot serve as the basis for federal question jurisdiction. See, e.g., Escobar, 2023 U.S. Dist. LEXIS 225734, at *10, 2023 WL 8720903, at *4 ("[T]o the extent Escobar intends to bring stand-alone breach of contract and fiduciary duty claims, the Court lacks jurisdiction to hear those claims because they do not confer federal question jurisdiction and, as previously noted, Escobar has failed to establish complete diversity."); Williams v. Pinellas Park Elementary Sch., 2021 U.S. Dist. LEXIS 172149, at *8, 2021 WL 4125764, at *4 (M.D. Fla. Aug. 24, 2021) ("[I]f Plaintiff is attempting to assert a cause of action under state law alone, she must establish diversity of citizenship jurisdiction."), report and recommendation adopted, 2021 U.S. Dist. LEXIS 170921, 2021 WL 4125216 (M.D. Fla. Sept. 9, 2021). Additionally, to the extent Thomas seeks to bring a breach of contract claim under any of the other sources cited in his complaint as bases for federal question jurisdiction, he fails to state a colorable federal claim under those authorities for the reasons previously discussed.

The amended complaint also fails to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332. Thomas does not allege that diversity jurisdiction applies, and the amended complaint is silent as to whether the parties are citizens of different states and whether the amount in controversy in this

action exceeds the sum of $75,000.[8]   (See Doc. 10 at 3-4).  Even assuming *arguendo* that Thomas and Capital One are citizens of different states, there is nothing on the face of the complaint to indicate that the instant controversy exceeds the sum of $75,000. On the contrary, the marked-up payment coupons attached to Thomas' amended complaint list Thomas' credit card balances with Capital One as no more than $5,476.17.[9]   (See id. at 26).  Thus, the complaint fails to allege sufficient facts to invoke this Court's diversity jurisdiction.[10]

---

[8]  In addition to not checking the box for "Diversity of citizenship," Thomas left blank the portions of the amended complaint form that direct a plaintiff claiming diversity jurisdiction to list the parties' citizenships and explain why the amount in controversy exceeds $75,000.  (See Doc. 10 at 3-4).

[9] In his second response in opposition to Capital One's motion to dismiss, which was untimely filed without this Court's permission, Thomas states that he "is seeking $15,000,000 to be deposited into the U.S. Treasury in accordance with Federal Reserve Act section 29" and "$500,000 in damages and attorney fees."  (See Doc. 19 at 1-2).  However, these assertions are nowhere to be found in the amended complaint, and Thomas' pursuit of "$500,000 in damages and attorney fees" appears to be totally untethered to the claims and factual circumstances in this case.  Moreover, as discussed above, Thomas fails to state a colorable claim under Section 29 of the Federal Reserve Act or any other statute that would plausibly entitle him to have "$15,000,000 . . . deposited into the U.S. Treasury."  Accordingly, the assertions in Thomas' untimely response cannot establish the requisite amount in controversy in this matter.

[10] The Court cannot exercise supplemental jurisdiction over Thomas' state law claim for breach of contract, to the extent he asserts such a claim.  For a federal court "[t]o exercise pendent jurisdiction over state law claims not otherwise cognizable in federal court, the court must have jurisdiction over a substantial

Because Thomas has not established that this case involves a non-frivolous question of federal law and has not alleged facts demonstrating the existence of diversity jurisdiction, his amended complaint is due to be dismissed without prejudice for lack of subject matter jurisdiction.

Although the dismissal of Thomas' amended complaint must be without prejudice,[11] the undersigned recommends that the case be dismissed without further leave to amend. "Ordinarily, a *pro se* party should be given one opportunity to file an amended complaint that states a claim within this Court's subject matter jurisdiction on which relief could be granted." Walters v. New Mexico, 2021 U.S. Dist. LEXIS 235858, at *8, 2021 WL 5827872, at *4 (M.D. Fla. Nov. 17, 2021) (citing Troville v. Venz, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002) (per curiam), report and recommendation adopted, 2021 U.S. Dist. LEXIS 234785, 2021 WL 5826238 (M.D. Fla. Dec. 8, 2021); see Fed. R. Civ. P. 15(a)(2) ("The court should freely give

---

federal claim and the federal and state claims must derive from a common nucleus of operative fact." L.A. Draper and Son v. Wheelabrator Frye, Inc., 735 F.2d 414, 427 (11th Cir. 1984) (quotations omitted). Importantly, "[t]he federal claim must have substance sufficient to confer subject matter jurisdiction on the court." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966). Here, there exists no federal claim sufficient in substance to confer subject matter jurisdiction on this Court. Consequently, the Court cannot exercise supplemental jurisdiction over Thomas' putative state law breach of contract claim.

[11] "If subject-matter jurisdiction does not exist, dismissal must be without prejudice." McIntosh v. Royal Caribbean Cruises, Ltd., 5 F.4th 1309, 1313 (11th Cir. 2021).

leave [to amend] when justice so requires."); Majd-Pour v. Georgiana Cmty. Hosp., Inc., 724 F.2d 901, 903 n.1 (11th Cir. 1984) (stating that "leave to amend should be freely granted when necessary to cure a failure to allege jurisdiction properly"). However, leave to amend may be denied if an amendment would be futile. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam); see Walters, 2021 U.S. Dist. LEXIS 235858, at *8, 2021 WL 5827872, at *4 (recommending that complaint be dismissed without prejudice for lack of subject matter jurisdiction but without leave to amend because amendment would be futile).

Here, Thomas has already been given one opportunity to correct his defective jurisdictional allegations and has squandered that opportunity by filing an amended complaint utterly devoid of factual allegations demonstrating the existence of federal jurisdiction. (See Docs. 5, 10). Even more problematically, Thomas' amended complaint and other filings in this case are similar to many others "filed by pro se litigants filled with frivolous and nonsensical quasi-legal assertions and baseless theories in an attempt to avoid paying their debts and the consequences of their failure to pay their debts, in particular by alleging that they have satisfied their obligations through their own manufactured documents rather than legal forms of payment." White v. Regular-Ascendant Holidays, 2023 WL 8797513, at *3 (N.D. Ga. Oct. 25, 2023). Thomas has filed several similar actions in

this Court,[12] all of which appear to be predicated on sovereign citizen and/or redemptionist legal theories that courts have repeatedly rejected as frivolous.  See Thomas v. Servbank, 2023 U.S. Dist. LEXIS 218115, at *17-23 (S.D. Ala. Dec. 7, 2023) (explaining why the putative claims in Thomas' pending actions bear hallmarks of discredited sovereign citizen and redemptionist legal theories and are frivolous).  Because Thomas' underlying legal theory in this action, although obscurely pled, is fundamentally frivolous, any further amendment of his complaint would be futile and an additional waste of this Court's time and resources.[13]

### III. **CONCLUSION**

For the reasons set forth above, the undersigned recommends that Capital One's motion to dismiss Thomas' amended complaint

---

[12] See Thomas v. Wells Fargo Bank, No. 1:23-cv-00206-TFM-B (S.D. Ala. 2023); Thomas v. All In Credit Union, No. 1:23-cv-00215-TFM-B (S.D. Ala. 2023); Thomas v. Family Security Credit Union, No. 1:23-cv-00222-TFM-B (S.D. Ala. 2023); Thomas v. Servbank, No. 1:23-cv-00223-TFM-B (S.D. Ala. 2023); Thomas v. BMO Harris Bank, No. 1:23-cv-00224-TFM-B (S.D. Ala. 2023); Thomas v. Progressive, No. 1:23-cv-00225-TFM-B (S.D. Ala. 2023).

[13] The Court need not address Capital One's arguments for dismissal for failure to state a claim for relief under Rule 12(b)(6) because Thomas' claims are due to be dismissed on jurisdictional grounds. See Boda v. United States, 698 F.2d 1174, 1177 n.4 (11th Cir. 1983) (explaining that where, as here, "dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds").

(Doc. 12) be **GRANTED in part,**[14] and that Thomas' amended complaint be **DISMISSED without prejudice** for lack of subject matter jurisdiction, but without leave to amend.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific place in the Magistrate Judge's report and recommendation

---

[14] Capital One's motion is due to be **DENIED** to the extent it seeks dismissal with prejudice. See McIntosh, 5 F.4th at 1313.

where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **10th** day of **January, 2024.**

                                    /s/ SONJA F. BIVINS
                          UNITED STATES MAGISTRATE JUDGE